JANET M. HEROLD (CA # 186419)
Regional Solicitor
SUSAN SELETSKY (CA # 176106)
Chief Counsel for FLSA Litigation
ANDREW SCHULTZ (CA # 237231)
Senior Trial Attorney
KIMBERLY ROBINSON (DC # 999022)
Trial Attorney
United States Department of Labor
Office of the Solicitor
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-2707
Facsimile: (415) 625-7772
Email: robinson.kimberly@dol.gov

Attorneys for Plaintiff, R. Alexander Acosta, Secretary
United States Department of Labor

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEVADA**

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>　　　　　Plaintiff,<br>　　v.<br><br>HEALTH CENTER, INC. AND PEGGY PEARCE,<br><br>　　　　　Defendants. | Case Number: 2:17-cv-2659<br><br>*Complaint for Injunctive Relief and to Recover Amounts Due Under the Fair Labor Standards Act (29 U.S.C.§ 201 et seq.)* |

## INTRODUCTION

Plaintiff, **R. ALEXANDER ACOSTA**, Secretary of Labor, United States Department of Labor (the "Secretary"), brings this action to secure unpaid wages and damages for employees who worked daily shifts at a Las Vegas calling center but who were not paid minimum wage for the hours they worked.  Although these workers are essential to Defendants' business operations and are not in business for themselves, Defendants treat their employees as "independent contractors" who are not entitled to the wages and protections guaranteed by the Fair Labor Standards Act.  As a result, Defendants also shift their costs as employers onto these workers, resulting in their employees improperly bearing the burden of Defendants' portion of Social Security contributions, workers' compensation insurance, and other payroll taxes and costs that an employer is required to pay under relevant law.  Defendants' actions harm not only their own employees but also law abiding employers who face unfair competition in the marketplace by Defendants' illegal activity.  The Secretary thus brings this case to rectify Defendants' actions with respect to their employees, competitors, and the significant public interests at stake.

## NATURE OF THE ACTION

1. In this action, the Secretary seeks to enjoin defendants **HEALTH CENTER, INC.  AND PEGGY PEARCE (Health Center, Inc."),** individually and as a managing agent, from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* (the "FLSA"), pursuant to section 17 of the FLSA, 29 U.S.C. § 217; and to recover amounts owed under the FLSA owing to defendants' present and former employees, as listed by name in the attached Exhibit A, pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c).

## JURISDICTION

2. Jurisdiction of this action is conferred upon the Court by FLSA §§ 16(c) and 17, 29 U.S.C. §§ 216(c) and 217(subject matter), and 28 U.S.C. §§ 1331 (federal question) and 1345 (United States as plaintiff).

**VENUE**

3. Venue lies in the United States District Court, District of Nevada, pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to these claims occurred in Las Vegas, Nevada.

**DEFENDANTS ARE EMPLOYERS UNDER THE FLSA**

4. Defendant Health Center, Inc. is a Nevada domestic corporation, in business as a telemarketing company that sells medications and other health-related products. Health Center, Inc.'s principal place of business is or was a call center located at 2310 Paseo del Prado in Las Vegas, Nevada. At relevant times, Health Center, Inc. employed persons, including the persons listed on Exhibit A, to sell medications and other health-related products. In November of 2015, investigators for the Secretary contacted Health Center, Inc. as part of an investigation regarding compliance with the FLSA at Health Center, Inc.'s call center.

5. Defendant Peggy Pearce owned and operated Health Center, Inc. On a daily basis, Peggy Pearce directly supervised the work of employees.

6. Defendant Peggy Pearce is or was the Principal, President, Secretary, Treasury, and Director of Health Center, Inc. She resides in Nye County, Nevada. At all relevant times, Ms. Pearce acted directly or indirectly in the interest of Health Center, Inc. in relation to the employees listed on Exhibit A, including the power to determine employment practices, set work schedules, and set wage rates. Accordingly, she is an employer under FLSA § 3(d), 29 U.S.C. § 203(d).

7. Employees were hired to call prospective customers and sell medications and health-related products for Health Center, Inc. Some were required to sign an independent contractor agreement.

8. Upon hire, Defendants trained employees on the tasks required of their employment, and provided scripts to be used when calling potential customers. Most employees were required to follow the script.

9. Defendants required employees to conduct their work onsite, at Defendants' calling center in Las Vegas, Nevada. Employees were not offered an opportunity to telework.

10. Defendants required employees to work set shifts and did not favor breaks.

11. Defendants provided the equipment employees used for their work, including computers, headsets, dialers, phones, paper, pens, and the physical space in which employees worked. The phones were pre-loaded with numbers to be dialed.

12. Employees worked only for Defendants.

13. Defendants unilaterally determined the rate of pay for employees' work. Only if employees sold products were they paid. Payment was a commission based on the products sold. The percent commission was decreased if employees arrived late for work.

14. Defendants, in most cases, set the prices for products sold.

15. The economic realities of the employment relationship between Defendants' employees and Defendants establish that Health Center, Inc. and Peggy Pearce are each an "employer" within the meaning of FLSA Section 3(d), 29 U.S.C. 203(d).

16. As such, Defendants are jointly and severally liable for all back wages due to their employees.

17. By improperly treating their workers as independent contractors, Defendants shifted their costs as employers onto those workers. The resulting costs—of the employer's share of Social Security contributions, workers' compensation insurance, and Medicare taxes, among others—constitute illegal deductions from the Defendants' employees' wages.

18. Through these actions, Defendants were depriving, interfering, and impeding the ability of Defendants' employees, and derivatively the Secretary of Labor, to detect the basic circumstances of their employment, and discouraging, punishing and coercing them from exercising their rights as employees under the FLSA.

## DEFENDANTS' EMPLOYEES ARE ENTITLED TO THE WAGES AND PROTECTIONS OF THE FLSA

19. Defendants' activities constitute and at all relevant times have constituted related activities performed through unified operation or common control for a common business purpose, and are and at all relevant times have been an "enterprise" as defined in FLSA Section 3(r), 29 U.S.C. § 203(r). As described above, Peggy Pearce operated Health Center, Inc. for the purpose of selling medications and other health-related products.

20. At all relevant times, Defendants' employees were or are engaged in commerce and/or in handling or working on goods that have been moved in commerce, including regularly making telephone calls to residents and taking credit card payments from consumers by phone and over the internet for medications and other health-related products. Defendants' enterprise has, and at all relevant times has had, an annual gross volume of sales made or business done of no less than $500,000 and said enterprise constitutes, and at all relevant times has constituted, an "enterprise engaged in commerce or in the production of goods for commerce" as defined by FLSA § 3(s), 29 U.S.C. § 203(s). As such, Defendants' employees are covered by the FLSA, including its wage, recordkeeping, and anti-discrimination provisions.

## DEFENDANTS VIOLATED THE FLSA

21. The Secretary incorporates by reference and realleges the allegations in paragraphs 1 to 23 of the Complaint.

22. Since at least November 1, 2012 and continuing to present, Defendants have repeatedly and willfully violated the provisions of sections 6 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206 and 215(a)(2), by paying their employees' wages at rates less than the federal minimum wage rate of $7.25 per hour. Employees were not paid an hourly rate for the hours they worked, instead receiving a commission for successful sales and a bonus for their attendance. During every workweek since at least November 1, 2012, this practice resulted in employees receiving less than the federal minimum wage for the hours they worked.

23. Since at least November 1, 2012, and continuing to present, Defendants have repeatedly and willfully violated the provisions of sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay employees at a rate of time and one half the employees' regular rate for hours worked over 40 in a workweek. Some employees worked over 40 hours per week, but were not paid an overtime premium for their excess hours worked over 40.

24. Since at least November 1, 2012, and continuing to present, Defendants have repeatedly and willfully violated the provisions of sections 11(c) and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211(c) and 215(a)(5), by failing to maintain, keep, and preserve records of employees and the wages, hours and other conditions and practices of employment maintained by them as prescribed by regulations promulgated by the Secretary pursuant to the authority granted in the FLSA and published in the Federal Register and known as Title 29, Code of Federal Regulations, Part 516.

25. Defendants improperly treated their workers as independent contractors and failed to keep time records that would adequately and accurately show, among other things, the hours worked each workday, the total hours worked each workweek, the deductions from their wages for the employers' costs and the amount paid, thereby depriving, interfering and impeding the ability of employees, and derivatively the Secretary of Labor, to detect, identify and have notice of the underpayment of minimum wages due under the FLSA.

26. Defendants have willfully and repeatedly violated the provisions of Section 15(a)(3) of the FLSA, 29 U.S.C. § 215(a)(3), by depriving, interfering and impeding the ability of Defendants' employees, and derivatively the Secretary of Labor, to detect the basic circumstances of their employment and to exercise their rights as employees under the FLSA, including the right to notify the Secretary of Labor of FLSA violations.

27. By the actions described above, Defendants have repeatedly and willfully violated, and are violating, the above-described provisions of the FLSA during the relevant statutory period.

**PRAYER FOR RELIEF**

**WHEREFORE**, cause having been shown, Plaintiff prays for a judgment against defendants as follows:

(a) For an Order pursuant to section 17 of the FLSA, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their agents, and those persons in active concert or participation with them, from prospectively violating Sections 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2), 215(a)(3), and 215(a)(5);

(b) For an Order pursuant to section 16(c) of the FLSA, 29 U.S.C. § 216(c), finding Defendants liable for unpaid minimum wage and overtime compensation due under the FLSA to present and former employees of the Defendants, including the persons listed by name on the attached Exhibit A, and for liquidated damages equal in amount to the unpaid compensation found due to such employees;

(c) In any instances where liquidated damages are not awarded, for an injunction issued pursuant to section 17 of the FLSA, 29 U.S.C. § 217, enjoining and restraining Defendants, their agents, and those persons in active concert or participation with them, from withholding payment of unpaid minimum wage and overtime compensation found to be due Defendants' employees, including the persons listed by name on the attached Exhibit A, plus pre-judgment interest thereon;

(d) For an Order providing such further legal and equitable relief as may be deemed appropriate, including equitable tolling of the applicable three-year statute of limitations to redress interference with, or delayed detection of, the violations of the FLSA by the Secretary due to Defendants' actions to confuse the workers as to their status as employees protected by the FLSA and/or to intimidate or coerce them from exercising their rights and status as an employee, and Defendants' failure to maintain complete, accurate or full records as required by 29 U.S.C. §§211(c) and 215(a)(5); and,

(e)     For an Order awarding the Secretary of Labor the costs of this action.

Dated:  October 13, 2017

NICHOLAS C. GEALE
Acting Solicitor

JANET M. HEROLD
Regional Solicitor

SUSAN SELETSKY
Chief Counsel for FLSA Litigation

ANDREW SCHULTZ
Senior Trial Attorney

By:   */s/ Kimberly Robinson*
KIMBERLY ROBINSON
Trial Attorney

UNITED STATES
DEPARTMENT OF LABOR
Attorneys for the Plaintiff