JANET M. HEROLD (CSBN 186419)
Regional Solicitor
MARC A. PILOTIN (CSBN 266369)
Counsel for FLSA
ANDREW SCHULTZ (CSBN 237231)
Office of the Solicitor
United States Department of Labor
90 7th Street, Suite 3-700
San Francisco, California 94103
Direct: (415) 625-7745
Facsimile: (415) 625-7772
Email: schultz.andrew@dol.gov

Attorneys for Plaintiff
United States Department of Labor

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

**R. ALEXANDER ACOSTA,**
Secretary of Labor,
United States Department of Labor,

      Plaintiff,

v.

**HEALTH CENTER, INC. AND PEGGY PEARCE,**

      Defendants.

Case No. 2:17-cv-2659

**Consent Judgment And Order**

  Plaintiff, R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor ("Plaintiff" or the "Secretary"), and Defendants Health Center Inc. and Peggy Pearce, individually and as managing agent for Health Center Inc., have agreed to resolve the matters in controversy in this civil action, and consent to entry of this judgment ("Consent Judgment" or "Judgment") in accordance herewith.
**CONSENT JUDGMENT  Page 1 of 13**

## STATEMENTS BY THE PARTIES

1. On October 13, 2017, the Secretary filed a Complaint in this Court alleging that Defendants violated provisions of Sections 6, 7, 11(c) and 15(a)(2), (3) and (5) of the Fair Labor Standards Act ("FLSA" or the "Act"), 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), (3) and (5).

2. Defendants acknowledge receipt of a copy of the Secretary's Complaint.

3. Defendants agree herein to resolve all allegations of the Secretary's Complaint.

4. Defendants admit that this Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District Court for the District of Nevada.

5. Defendants and the Secretary agree to the entry of this Consent Judgment without contest.

6. Defendants acknowledge that Defendants and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

7. Defendants admit that this enterprise is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

8. Defendants admit that they have, as employers under the FLSA, and as a matter of economic reality, employed individuals whose primary duty is to make phone calls for Defendants and who Defendants erroneously treated as independent contractors.

9. Defendants admit that their call center workers worked in excess of 40 hours per week for Defendants but have not been paid a premium, as required under the FLSA, for these hours.

10. Defendants admit that by erroneously treating their call center workers as independent contractors, Defendants shifted some of their costs as employers onto these workers and, as a result, some call center workers earned less than the relevant minimum wage.

11. Defendants admit that they failed to keep and maintain records of the times of day worked by their call center workers, the hours worked each day, the hours worked each week, the hour worked in excess of 40 hours in a workweek, the total wages paid, and contact information for the call center workers.

12. Defendants admit that, by erroneously treating their call center workers as independent contractors, Defendants impeded these workers' ability to understand the circumstances of their employment and thereby impeded them from exercising their rights as employees under the FLSA.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

13. On October 13, 2017, the Secretary filed a Complaint in this Court alleging that Defendants violated provisions of Sections 6, 7, 11(c) and 15(a)(2), (3) and (5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), (3) and (5).

14. Defendants have received a copy of the Secretary's Complaint.

15. Defendants have withdrawn their defenses to the Secretary's Complaint.

16. This Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District Court for the District of Nevada.

17. Defendants and the Secretary have agreed to the entry of this Consent Judgment without contest and to resolve the Secretary's claims.

18. Defendants and all individuals and entities acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

19. This business is engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. § 203(s)(1)(A).

20. Defendants, as employers under the FLSA and as a matter of economic reality, employed individuals whose primary duty is to make phone calls for Defendants and who Defendants erroneously treated as independent contractors.

21. Defendants' call center workers worked in excess of 40 hours per week for Defendants but have not been paid a premium, as required under the FLSA, for these hours.

22. By erroneously treating them as independent contractors, Defendants shifted some of their costs as employers onto these workers and, as a result, some call center workers earned less than the relevant minimum wage.

23. Defendants failed to keep and maintain records of the times of day worked by their call center workers, the hours worked each day, the hours worked each week, the hour worked in excess of 40 hours in a workweek, the total wages paid, and contact information for the call center workers.

24. By erroneously treating their call center workers as independent contractors, Defendants impeded these workers' ability to understand the circumstances of their employment and thereby impeded them from exercising their rights as employees under the FLSA.

## JUDGMENT

Therefore, upon the agreement of the parties to this action,

I. Injunctive Relief

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 17 of the FLSA, Defendants Health Center, Inc. and Peggy Pearce, their officers, agents, servants, employees, successor companies, parties in interest, and all persons and entities acting at their direction or in concert or participation with them, are permanently enjoined and restrained from violating the provisions of the FLSA, including through any of the following manners:

1. Defendants shall not, contrary to the FLSA, fail to classify any call center workers selling health-related products for Defendants as non-exempt employees who shall enjoy all protections and safeguards guaranteed under the FLSA, including but not limited to those found in Sections 6, 7, 11(c), 15(a)(2), 15(a)(3) and 15(a)(5) of the Act.

2. Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, pay any of their call center workers or other employees who in any workweek are engaged in commerce within the meaning of the FLSA wages at a rate less than the applicable minimum wage (currently $8.25 per hour in Nevada). Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, pay any of their call center workers or other employees who in any workweek are engaged in commerce within the meaning of the FLSA, less than one and a half times the particular employee's regular hourly rate for hours in excess of 40 hours in a workweek.

3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the FLSA, fail to make, keep, and preserve records of their employees and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed by the regulations issued, and from time to time amended, pursuant to Section 11(c) of the FLSA and found in 29 C.F.R. Part 516, including for each call center worker, the hours worked each day and each workweek, the call center worker's regular hourly rate of pay, total daily or weekly straight time earnings, overtime rate of pay, total premium pay for overtime hours and identification of each deduction made from the call center worker's earnings along with a description of the basis/reason and method of calculation of the deduction.

4. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, discharge, threaten to discharge, lay off, reduce the work schedule or wages, intimidate, or in any other manner discriminate against any employee as a result of this litigation or because the employee has filed any complaint

under or related to the FLSA or has spoken or provided information to the Secretary's representatives in connection with this litigation or participated in or received a distribution from the proceeds of this action.

5. Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any call center worker to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment, or the FLSA.

6. Defendants Health Center Inc. and Peggy Pearce, jointly and severally, shall not withhold payment of $29,535.77, which constitutes back wages owed to call center workers.

II. Monetary Provisions

**FURTHER, PURSUANT TO THE PARTIES' AGREEMENT, JUDGMENT IS HEREBY ENTERED,** pursuant to Section 16(c) of the FLSA, 29 U.S.C. § 216(c), in favor of the Secretary as a judgment owed to the United States of America and against Defendants Health Center Inc. and Peggy Pearce, jointly and severally, in the amount of $59,071.54, which consists of $29,535.77 owed to call center workers as unpaid wages and $29,535.77 owed to call center workers as liquidated damages.

7. Within 30 (thirty) days of the date of the entry of this Consent Judgment, Defendants shall deliver the following items in person to the Wage and Hour Division, U.S. Department of Labor, 333 Las Vegas Blvd S., Suite 5520 Las Vegas, NV 89101, addressed to Higino Ramos, Assistant District Director:

    a. A **separate** check for **each** call center worker identified in Exhibit A, each of which shall be made payable to the order of the particular person and the Wage & Hour Division, U.S. Department of Labor, as **alternative** payees (for example: "Pay to the order of ---((Name)) **or** the Wage & Hour Div., Labor"), and each of which shall be in the amount

of the liquidated damages due to the call center worker as identified in Exhibit A. The memo line of each check shall state: "HCI – LDs."

   b. A **<u>separate</u>** payroll check for **<u>each</u>** call center worker identified in Exhibit A, each of which shall be made payable to the order of the particular person and the Wage & Hour Division, U.S. Department of Labor, as **<u>alternative</u>** payees (for example: "Pay to the order of ---((Name)) **<u>or</u>** the Wage & Hour Div., Labor"), and each of which shall be in the amount of the net back wages due to the employee as identified in Exhibit A. The memo line of each check shall state: "HCI – BWs."

   c. Upon receipt of the checks detailed in Subparagraphs b and c above, the Secretary shall distribute payments to the persons named in Exhibit A, or to their estates if necessary, in his sole discretion, and any money not so paid within a period of three (3) years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

8. In the event of default in timely making the payments, the Secretary may move this Court for enforcement of this Judgment. Post-judgment interest shall accrue on the monetary portion of this Judgment in accordance with 28 U.S.C. § 1961.

III. Miscellaneous Provisions

9. Within thirty (30) calendar days of the date of entry of this Consent Judgment, Defendants shall provide each of their employees with a copy of the "Notice of Rights," attached as Exhibit B, which summarizes the terms of this Consent Judgment and provides guidance from the U.S. Department of Labor regarding the rights of employees, including protection from retaliation, under the FLSA. Thereafter, Defendants shall provide a copy of Exhibit B to all newly-hired employees before

or by the dates said employee begins performing work for Defendants. This provision shall be in effect for one year.

10. Within fourteen (14) calendar days of the date that Defendants sign this Consent Judgment, Defendants shall post U.S. Department of Labor-approved posters regarding the minimum wage and overtime provisions of the FLSA, in prominent locations at all of their current and future facilities. Copies of said posters are available for download at https://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

11. Defendants shall implement and maintain a recordkeeping and timekeeping system to insure compliance with FLSA. Defendants' recordkeeping and timekeeping system must be equivalent to or better than the system Defendants currently have in place, which includes an electronic timekeeping system linked to payroll. Defendants shall maintain copies of all employee wage and hour records as required by FLSA and make those records available to the Wage and Hour Division upon request.

12. The resolution of this proceeding with the filing of this Consent Judgment shall not act as, or be asserted as, a bar to back wage recovery by any employee not named on Exhibit A, or by any employee named on Exhibit A for any period other than October 13, 2014 through February 18, 2017.

13. Each party shall bear all fees and other expenses (including court costs and attorney's fees) incurred by the party in connection with any stage of this proceeding.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action for the purposes of enforcing compliance with the terms of this Consent Judgment for five years.

**IT IS SO ORDERED.**

Date: November 14, 2018.

*/s/ James C. Mahan*
The Hon. James C. Mahan
UNITED STATES DISTRICT JUDGE

| For the Secretary: | For the Defendants: |
|---|---|
| KATE O'SCANNLAIN<br>Solicitor of Labor | */s/ Peggy Pearce*<br>PEGGY PEARCE, Individually and on behalf of HEALTH CENER, INC. |
| JANET M. HEROLD<br>Regional Solicitor | Dated: 11/7/18 |
| MARC A. PILOTIN<br>Counsel for Wage & Hour Litigation | APPROVED AS TO FORM ONLY |
| */s/ Andrew J Schultz*<br>ANDREW SCHULTZ<br>Senior Trial Attorney | */s/ Mary F. Chapman*<br>MARY F. CHAPMAN<br>Law Office of Mary F. Chapman, Ltd.<br>8440 W. Lake Mead Blvd., Suite 203<br>Las Vegas, NV 89128 |
| Dated: 11/7/2018 | Dated: 11-7-18 |
| Attorneys for the Secretary of Labor | Attorney for Defendants |

## Exhibit A

| Last Name | First Name | BWs Due | LDs Due | Total Due |
|---|---|---|---|---|
| ALI-RAHMAN | JAMILLAH | $ 391.50 | $ 391.50 | $ 783.00 |
| ANDERSON | KAREN | $ 217.50 | $ 217.50 | $ 435.00 |
| APPLEWHITE | MELISSA | $ 3,689.26 | $ 3,689.26 | $ 7,378.52 |
| BASES | JOHN | $ 593.08 | $ 593.08 | $ 1,186.16 |
| BEARD | WALTER | $ 43.50 | $ 43.50 | $ 87.00 |
| BEATTY | WALTER | $ 136.46 | $ 136.46 | $ 272.92 |
| BELFIORE | MARY | $ 93.26 | $ 93.26 | $ 186.52 |
| BENSHOOF | ROBERT | $ 137.34 | $ 137.34 | $ 274.68 |
| BOOTH | MICHAEL (MAX) | $ 43.50 | $ 43.50 | $ 87.00 |
| CAHILL | DANIEL | $ 998.42 | $ 998.42 | $ 1,996.84 |
| CAHILL | RINDIA | $ 130.50 | $ 130.50 | $ 261.00 |
| CAMPBELL | JUDITH | $ 1,080.79 | $ 1,080.79 | $ 2,161.58 |
| CARY | MICHELLE | $ 130.50 | $ 130.50 | $ 261.00 |
| CASAROTTO | TONI | $ 43.50 | $ 43.50 | $ 87.00 |
| CLARK | JASON | $ 43.50 | $ 43.50 | $ 87.00 |
| CLIFFORD | MICHAEL | $ 56.25 | $ 56.25 | $ 112.50 |
| CONSENTINO | JILL | $ 87.00 | $ 87.00 | $ 174.00 |
| CONTRERAS | IRENE | $ 174.00 | $ 174.00 | $ 348.00 |
| COOK | JEFFREY | $ 250.75 | $ 250.75 | $ 501.50 |
| DAVIS | ANTHONY | $ 43.50 | $ 43.50 | $ 87.00 |
| DAY | ANNA | $ 394.35 | $ 394.35 | $ 788.70 |
| DENTON | SHAWN | $ 402.88 | $ 402.88 | $ 805.76 |
| DOE | AARON | $ 43.50 | $ 43.50 | $ 87.00 |
| DOE | AMIN | $ 87.00 | $ 87.00 | $ 174.00 |
| DOE | ANGEL | $ 87.00 | $ 87.00 | $ 174.00 |
| DOE | BOB | $ 87.00 | $ 87.00 | $ 174.00 |
| DOE | CHASE | $ 348.00 | $ 348.00 | $ 696.00 |
| DOE | DAKOTA | $ 304.50 | $ 304.50 | $ 609.00 |
| DOE | DAVID | $ 43.50 | $ 43.50 | $ 87.00 |
| DOE | GENELL | $ 43.50 | $ 43.50 | $ 87.00 |
| DOE | GINA | $ 43.50 | $ 43.50 | $ 87.00 |
| DOE | JACKIE | $ 87.00 | $ 87.00 | $ 174.00 |
| DOE | JAMIE | $ 43.50 | $ 43.50 | $ 87.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 1 | DOE | JERMAINE | $ | 87.00 | $ | 87.00 | $ | 174.00 |
| 2 | DOE | JEROME | $ | 130.50 | $ | 130.50 | $ | 261.00 |
| 3 | DOE | LEE | $ | 43.50 | $ | 43.50 | $ | 87.00 |
| 4 | DOE | LYNN | $ | 87.00 | $ | 87.00 | $ | 174.00 |
| 5 | DOE | RAY | $ | 217.50 | $ | 217.50 | $ | 435.00 |
| 6 | DOE | ROB | $ | 87.00 | $ | 87.00 | $ | 174.00 |
| 7 | DOE | ROCKY | $ | 87.00 | $ | 87.00 | $ | 174.00 |
| 8 | DOE | SAUL | $ | 130.50 | $ | 130.50 | $ | 261.00 |
| 9 | DOE | SUSSEX | $ | 130.50 | $ | 130.50 | $ | 261.00 |
| 10 | DOE | WILLY | $ | 304.50 | $ | 304.50 | $ | 609.00 |
| 11 | DOMEN | LISA | $ | 52.77 | $ | 52.77 | $ | 105.54 |
| 12 | DOMINGUEZ | ANNA | $ | 174.00 | $ | 174.00 | $ | 348.00 |
| 13 | ELFRONT | EDIE | $ | 126.46 | $ | 126.46 | $ | 252.92 |
| 14 | ENGLAND | ROBERT | $ | 43.50 | $ | 43.50 | $ | 87.00 |
| 15 | ESTRADA | DORINDA | $ | 132.49 | $ | 132.49 | $ | 264.98 |
| 16 | FLINT | KAREES | $ | 217.50 | $ | 217.50 | $ | 435.00 |
| 17 | FRUDAKIS | CONSTANCE | $ | 261.00 | $ | 261.00 | $ | 522.00 |
| 18 | GARCIA | PATRICIA | $ | 82.43 | $ | 82.43 | $ | 164.86 |
| 19 | GIBBONS | PATRICK | $ | 43.50 | $ | 43.50 | $ | 87.00 |
| 20 | GREEN | CHARLES | $ | 2,871.61 | $ | 2,871.61 | $ | 5,743.22 |
| 21 | GRIFFIN | REGINALD | $ | 206.25 | $ | 206.25 | $ | 412.50 |
| 22 | HENDERSON | PATRICIA | $ | 872.05 | $ | 872.05 | $ | 1,744.10 |
| 23 | HILLS | KATHRYN | $ | 87.00 | $ | 87.00 | $ | 174.00 |
| 24 | HOLLINS | JANETTE | $ | 559.70 | $ | 559.70 | $ | 1,119.40 |
| 25 | INGRAM | JAMES | $ | 371.06 | $ | 371.06 | $ | 742.12 |
| 26 | JOHNSON | DORY | $ | 116.46 | $ | 116.46 | $ | 232.92 |
| 27 | JOHNSON | AURORA | $ | 179.96 | $ | 179.96 | $ | 359.92 |
| 28 | JOHNSON | DARCY | $ | 116.46 | $ | 116.46 | $ | 232.92 |
| | KAILI | DENISE | $ | 377.46 | $ | 377.46 | $ | 754.92 |
| | KOHANSKI | DAVID | $ | 87.00 | $ | 87.00 | $ | 174.00 |
| | KWAK | MIN (JOHNNY) | $ | 87.00 | $ | 87.00 | $ | 174.00 |
| | LAUDERDALE | COLEMAN | $ | 136.46 | $ | 136.46 | $ | 272.92 |
| | LEARY | KRISTAN | $ | 565.50 | $ | 565.50 | $ | 1,131.00 |
| | LEE | JAMES | $ | 796.84 | $ | 796.84 | $ | 1,593.68 |
| | LEE | SHABREL | $ | 906.74 | $ | 906.74 | $ | 1,813.48 |
| | LEWANADOSKI | DAVID | $ | 861.83 | $ | 861.83 | $ | 1,723.66 |
| | LYONS | WILLIAM | $ | 130.50 | $ | 130.50 | $ | 261.00 |
| | MAC GEORGE | SHARI | $ | 43.50 | $ | 43.50 | $ | 87.00 |
| | MARSHALL | DAPHNE | $ | 220.10 | $ | 220.10 | $ | 440.20 |
| | MCIVER | LAWRENCE | $ | 42.25 | $ | 42.25 | $ | 84.50 |

**CONSENT JUDGMENT**   Page **11 of 13**

| Last | First | | | | | | |
|---|---|---|---|---|---|---|---|
| MCKAY | REGINA | $ | 85.34 | $ | 85.34 | $ | 170.68 |
| MONET | EBONI | $ | 598.39 | $ | 598.39 | $ | 1,196.78 |
| MOUZON | YOLANDA | $ | 412.65 | $ | 412.65 | $ | 825.30 |
| NAVA | SUNCERAE (SUNNY) | $ | 43.50 | $ | 43.50 | $ | 87.00 |
| NOGERA | DEBORAH | $ | 304.50 | $ | 304.50 | $ | 609.00 |
| ONEAL | GAIL | $ | 242.92 | $ | 242.92 | $ | 485.84 |
| ORTIS | ANGELA | $ | 447.53 | $ | 447.53 | $ | 895.06 |
| PRUITT | CHARLES | $ | 126.46 | $ | 126.46 | $ | 252.92 |
| RASHADA | RAHIM | $ | 536.67 | $ | 536.67 | $ | 1,073.34 |
| RIGGS | JUANITA | $ | 691.70 | $ | 691.70 | $ | 1,383.40 |
| RINGOLD | DIAMOND | $ | 256.96 | $ | 256.96 | $ | 513.92 |
| ROBINSON | WILLIE | $ | 854.45 | $ | 854.45 | $ | 1,708.90 |
| ROBINSON | NATWARIAL | $ | 174.00 | $ | 174.00 | $ | 348.00 |
| ROSS | DAVID | $ | 43.50 | $ | 43.50 | $ | 87.00 |
| SALES | PAUL | $ | 353.96 | $ | 353.96 | $ | 707.92 |
| SMOTHERS | RHONDA | $ | 390.21 | $ | 390.21 | $ | 780.42 |
| STEELE | CATHERINE | $ | 217.50 | $ | 217.50 | $ | 435.00 |
| STUART | SHAWN | $ | 126.46 | $ | 126.46 | $ | 252.92 |
| TROUPE | DEBRA | $ | 87.00 | $ | 87.00 | $ | 174.00 |
| WILLIAMS | CONNIE | $ | 126.46 | $ | 126.46 | $ | 252.92 |
| WILLIAMS | LONNIE | $ | 506.89 | $ | 506.89 | $ | 1,013.78 |
| WOLFE | MARK | $ | 130.50 | $ | 130.50 | $ | 261.00 |
| YAZDI | MIKE | $ | 304.50 | $ | 304.50 | $ | 609.00 |
| | TOTAL | $ | 29,535.77 | $ | 29,535.77 | $ | 59,071.54 |

# EXHIBIT B

# LEGAL NOTICE TO ALL EMPLOYEES

The **Fair Labor Standards Act** provides that all employees must be paid a **minimum wage** for all hours worked. Further, employees must be paid **overtime**, at a rate of time and one half their regular rate, for the hours they work over 40 in a workweek. All employees, whether they are paid **hourly** or on a **commission basis** are entitled to overtime when they work over 40 hours.

To resolve a lawsuit brought by the **Department of Labor**, the **United States District Court** entered an Order finding that call center workers in this establishment are employees, not independent contractors. The Court's Order forbids PEGGY PEARCE and HEALTH CENTER, INC. from violating the minimum wage and overtime requirements of the **Fair Labor Standards Act**. All employees who work in this establishment can help the employer not to violate the Court's Order. **If you think you are not being paid in accordance with the law, call the U.S. Department of Labor, Wage and Hour Division, at (702) 388-6001 and your name will be kept confidential.**